**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **LANCE TURNER** § | | |
| **#2514332** § | | |
| § | | |
| **V.** § | **A-25-CV-01566-RP** | |
| § | | |
| **SALLY HERNANDEZ** § | | |

## ORDER

Before the Court are Plaintiff's *pro se* civil-rights complaint and more definite statement. The Court granted Plaintiff leave to proceed *in forma pauperis*. After consideration of Plaintiff's complaint, it is dismissed.

### STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex. He sues Sheriff Sally Hernandez. He claims the sheriff was negligent and deliberately indifferent to his health by failing to provide him more than three meals or 5,000 calories per day while he is incarcerated. Plaintiff claims he risks getting sick from only getting 1,500 calories per day as opposed to his usual 5,000 calories per day. He seeks $10 billion in damages for hunger pains, mental anguish, and emotional distress.

After consideration of Plaintiff's complaint, the Court ordered Plaintiff to file a more definite statement. According to Plaintiff, he was arrested on June 7, 2025. Plaintiff asserts, at the time of his arrest, he weighed 230 pounds. Plaintiff states he currently weighs 230 pounds.

DISCUSSION AND ANALYSIS

A.    Standard Under 28 U.S.C. § 1915(e)

An *in forma pauperis* proceeding may be dismissed *sua sponte* under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's *pro se* status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.    Nutrition

Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. *Baker v. McCollan*, 443 U.S. 137 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" *Price v. Roark*, 256 F.3d 364, 370 (5th Cir. 2001) (quoting *Nesmith v. Taylor*, 715 F.2d 194, 196 (5th Cir. 1983)). Plaintiff's negligence claim is not actionable under Section 1983.

Because Plaintiff was, at all relevant times, a pretrial detainee, the Fourteenth Amendment applies. *See Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996) (en banc) (holding that,

although the Eighth Amendment ensures the safety of convicted prisoners, the Due Process Clause of the Fourteenth Amendment protects pretrial detainees).  The Fourteenth Amendment entitles pretrial detainees to be free from punishment and to be provided with basic human needs, such as food, water, clothing, medical care, and safe conditions.  *See id.* at 650.  Such basic needs constitute "humane conditions of confinement" required under the Eighth Amendment, which are applicable to pretrial detainees through the Fourteenth Amendment.  *Id.* at 649.  But deprivation of a basic need violates the Constitution only when the deprivation amounts to a denial of "the minimal civilized measure of life's necessities."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  "Whether the deprivation of food falls below this threshold depends on the amount and duration of the deprivation."  *Id.*

Plaintiff admits he receives 1,500 calories a day and has not lost weight on this diet during his incarceration.  Plaintiff's allegations are insufficient to show the amount of food he is receiving is a constitutional violation.

Moreover, the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(e), bars recovery of damages for mental anguish absent a showing that the plaintiff suffered a physical injury while in custody.  The Fifth Circuit has held that allegations of "mental anguish, emotional distress, psychological harm, and insomnia" are barred by § 1997e(e).  *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005).  Plaintiff alleges he suffered hunger pains and emotional distress.  Plaintiff's allegations are insufficient to entitle him to damages under the PLRA.

It is therefore **ORDERED** that Plaintiff's constitutional claims are **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e).  To the extent Plaintiff is attempting to

raise state law claims, those claims are **DISMISSED WITHOUT PREJUDICE** as the Court declines to exercise supplemental jurisdiction over them.

It is finally **ORDERED** that the Clerk of Court shall e-mail a copy of the Court's order and judgment to the keeper of the three-strikes list.

**SIGNED** on October 27, 2025.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE